**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 15 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| IGNACIO A. HEREDIA-BRAVO, AKA Ignacio Alberto Heredia Bravo, <br><br> Petitioner, <br><br> v. <br><br> MATTHEW G. WHITAKER, Acting Attorney General, <br><br> Respondent. | No. 16-72609 <br><br> Agency No. A 201-241-067 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 8, 2018[**]
Seattle, Washington

Before: McKEOWN and FRIEDLAND, Circuit Judges, and BOLTON,[***] District Judge.

Petitioner Ignacio A. Heredia-Bravo ("Petitioner") is a citizen and national

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Susan R. Bolton, United States District Judge for the District of Arizona, sitting by designation.

of Mexico. He petitions for review of a Board of Immigration Appeals ("BIA") decision affirming an Immigration Judge's ("IJ") denial of asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *See* 8 U.S.C. § 1231(b)(3); 8 C.F.R. § 1208.16. Because substantial evidence supports the decision, we deny his petition.[1]

Insofar as the BIA adopts the IJ's decision as its own, we review both decisions.[2] *Ahir v. Mukasey*, 527 F.3d 912, 916 (9th Cir. 2008). We review legal questions de novo and factual findings for substantial evidence. *Hoque v. Ashcroft*, 367 F.3d 1190, 1194–95 (9th Cir. 2004). The agency's factual findings are therefore "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

Substantial evidence supports the agency's conclusion that Petitioner has not shown that the harm he fears if returned to Mexico would be attributable to his membership in a statutorily protected group. *See INS v. Elias-Zacarias*, 502 U.S. 478, 483–84 (1992) (requiring direct or circumstantial evidence of motive to establish causal nexus). Even assuming Petitioner's membership in such a group— whether as one whose family members have testified against human traffickers or

---

[1] The IJ concluded that Petitioner's asylum claim was untimely and without excuse. Petitioner did not contest this finding on appeal to the BIA or in his opening brief. Nor do we consider it here. *See Guzman v. Shewry*, 552 F.3d 941, 947 n.5 (9th Cir. 2009) (refusing to consider argument not raised in opening brief).
[2] We refer to the BIA and the IJ collectively as "the agency."

as a victim of severe human trafficking—the agency reasonably found it unduly speculative to conclude that he would be harmed "on account of" his membership in either one. *See Gormley v. Ashcroft*, 364 F.3d 1172, 1176 (9th Cir. 2004). Petitioner was not harmed in Mexico. Indeed, it is unclear whether the kidnappers operate in Mexico. And Petitioner's brother has continued to reside at Petitioner's home in Mexico without incident. Substantial evidence instead supports the agency's conclusion that Petitioner's fears are more readily attributed to "generalized criminal activity and harassment rather than persecution." The agency did not err, then, in concluding that Petitioner does not face a clear probability of future persecution based on his membership in either of the groups for which he claims statutory protection. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground.").

Lastly, Petitioner offered no evidence of a particularized threat of torture by or because of the Mexican government. *See* 8 C.F.R. § 1208.18(a)(1) (limiting CAT relief to torture "inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity"). Petitioner claims that the kidnappers he fears operate with impunity in Mexico. The record is not so definite. As noted above, whether the kidnappers are present,

much less operative in Mexico remains unknown. Assuming they are, we nevertheless agree that generalized corruption among some police and public officials is not enough to show that Petitioner is likely to be tortured upon his return to Mexico. *See Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016) ("[A] general ineffectiveness on the government's part to investigate and prevent crime will not suffice to show acquiescence."). We accordingly affirm the agency's denial of CAT protection.

The petition for review is **DENIED**.